MALGORZATA TOMCZAK *et al.* Appellees, *vs.* E. C. BERGMAN, Appellant.

*Opinion filed October 27, 1915.*

1. REGISTRATION OF TITLE—*when applicants for registration of title are not chargeable with notice of incumbrances.* Applicants for registration of title are not chargeable with constructive notice of incumbrances not in their chain of title, and in the absence of actual notice neither the transcript of a judgment against an apparent stranger nor the certificate of sale will be notice to them unless the names of the judgment debtor and their grantor are *idem sonans.*

2. SAME—*when additional fees may be awarded—decree should not be in favor of registrar.* Although section 108 of the Torrens law provides that the payment of $15 by the applicant for registration of title shall be in full of all services of the registrar and examiners up to the granting of the certificate, yet in a proper case the court may decree the allowance of an additional fee for the services of an examiner and may tax the additional fee as costs against the defendant if the services were occasioned by his unfounded claim, but the decree should not be in favor of the registrar. (*Waugh* v. *Glos,* 246 Ill. 604, distinguished.)

3. NAMES—*variance in the spelling of names is not always material.* Not every variance in the spelling of names in deeds or judicial proceedings is material, and if names sound substantially alike when pronounced according to the usual method of speaking, they will be held to designate the same person even though spelled differently.

4. SAME—*what names are not idem sonans.* Where the name of the grantor of the applicants for registration of title is "Walenty Cierniak," they will not be bound by the record of a judgment against "W. Czerionak" unless they had actual knowledge that the names referred to the same person, as there is no practical similarity in sound and the spelling is noticeably different.

APPEAL from the Circuit Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding.

WEST & ECKHART, (WILLIAM M. KLEIN, and SAMUEL KRAUS, of counsel,) for appellant.

WINTERS, PRICE & STEVENS, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

The principal question in this case is whether the names Walenty Cierniak and W. Czerionak are *idem sonans.* The case was an application for registration of title, and the decree ordered the registration of the title to the premises in fee simple in the applicants subject to certain incumbrances and set aside a sheriff's certificate of sale of the premises under a certain judgment. The applicants' grantor was Walenty Cierniak, who conveyed the property to them on September 3, 1913. The greater part of the purchase money remained unpaid until November 14, 1913, and in the meantime there was recorded on November 7, 1913, a sheriff's certificate of sale of the premises made on November 4, 1913, under an execution issued out of the circuit court of Cook county on a transcript of a judgment of a justice of the peace of that county against W. Czerionak, recorded on September 14, 1906, filed in the clerk's office of the circuit court on October 26, 1906. Walenty

Cierniak is the person against whom the. judgment was rendered by the name of W. Czerionak. The examiner found that the transcript of judgment filed in the clerk's office was not notice to purchasers because the names were not *idem sonans* but that the certificate of sale filed in the recorder's office was constructive notice of the judgment and sale, and because the purchase money was not paid until after such recording the examiner recommended that the registration of title be subject to such sale. The court overruled the appellant's exceptions to the examiner's finding that the names were not *idem sonans* and sustained the applicants' exception to the finding that the recording of the certificate was constructive notice to them.

The applicants were not chargeable with constructive notice of any incumbrance not in their chain of title. (*Grundies* v. *Reid,* 107 Ill. 304.) Therefore, in the absence of actual notice neither the transcript of judgment nor certificate of sale was notice to them unless the names of the judgment debtor and of their grantor were *idem sonans.* Not every variance in the spelling of names in deeds of conveyance and judicial proceedings is material. The cases are numerous in which names spelled differently have been held to sufficiently designate the same person, because, when pronounced according to the usual method of speaking, they sound substantially alike. The wrong spelling of the name in such circumstances is not a material variance. It frequently happens that in the same document or series of documents the name of an individual may appear with widely. different spellings, but the context or the order of succession or other facts may fix the identity of the person intended. In many of the cases in which the doctrine of *idem sonans* has been applied the question has not been one of notice but of identity. Here the question is one of constructive notice,—whether a purchaser from Cierniak, without any actual knowledge, is bound by the record of a judgment against Czerionak. The names look different.

According to the usual method of English pronunciation they sound different. They are foreign names. Evidence was introduced that according to the Polish pronunciation the first name would be pronounced "Sher-ni-ak" and the second "Sher-i-o-neck." Decided cases are of no particular value on this question. An ordinary man seeing these two names in an index would believe they were different names; hearing them spoken or attempting to speak them himself they would seem to be different. There is no practical identity of sound. The court properly determined that they do not come within the rule of *idem sonans.*

By the decree an additional fee of $41 was allowed to the registrar for the services of the examiner under the order of reference, including the taking of evidence and making of his report, the court finding such additional cost to have been occasioned by the unfounded claim of the appellant. This portion of the decree concludes as follows: "It is therefore ordered that said defendants pay said costs, amounting to $41, and a decree is hereby entered against them for said amount in favor of the registrar of titles." The appellant objects that the court could not render a decree for costs in favor of the registrar and could not compel the appellant to pay the entire cost of the reference. Section 108 of the Torrens law requires the applicant to advance a fee of $15 in full of all services of the registrar and examiners up to the granting of the certificate of title, and in *Waugh* v. *Glos,* 246 Ill. 604, we held that this fee was intended to cover the registrar's fees in ordinary cases. We also held, in accordance with the same section of the statute, that an extraordinary allowance might be made in proper cases and that the court might direct who should pay it. In that case the additional fee was charged against one who had introduced no evidence and made no contest other than to insist upon the introduction by the defendant of competent evidence to establish her own title, and we held a defendant, under such circumstances, ought not to

be required to pay any part of the costs. Here the contest was over the alleged right to a judgment lien, and the costs incurred in defeating this claim, which the court adjudged to be unfounded, were rightfully charged to the appellant. No decree, however, should have been rendered in favor of the registrar.

The decree will be modified by striking out the words, "and a decree is hereby entered against them for said amount in favor of the registrar of titles." So modified the decree is affirmed.    *Decree modified and affirmed.*