|No. 2199.  Decided November 13, 1896.]

JULIA A. UNDERWOOD, *Respondent,* v. J. F. STACK *et ux., Appellants.*

STATUTE OF FRAUDS — SALE OF LANDS — ACTION FOR DAMAGES —
JUDGMENT WITHOUT VERDICT.

An agreement made by husband and wife with a vendor, through the medium of letters and telegrams, whereby they agree to take certain land, directing that the deed be made to the wife, and the deed was made accordingly and possession of the premises taken by the wife, is sufficient to show a valid contract of purchase as against the statute of frauds.

Where there is no conflict in the proofs, the court is authorized in taking the case from the jury and rendering judgment for the amount claimed.

Appeal from Superior Court, Kittitas County.— Hon. CARROLL B. GRAVES, Judge.  Affirmed.

*W. S. Smith,* for appellants.

*Edward Pruyn,* and *Kirk Whited,* for respondent.

The opinion of the court was delivered by

SCOTT, J.—This was an action to recover damages for the alleged breach of a contract relating to the sale of certain lands by the plaintiff to the defendants.  The defendants contend that the court erred in overruling their demurrers to the complaint on the ground that it did not state a cause of action.  No particular is pointed out wherein the complaint is defective, except the general statement in their brief that the contract was void.  We fail to see wherein it was void, and think that the complaint was sufficient.

Aside from this question the main controversy is over the facts.  It is contended that no sufficient contract was proven to support a recovery.  The defend-

ants were husband and wife, and letters, relating to the purchase of the land, signed by them were introduced in evidence. There was also introduced a telegram from the husband stating that they would take the land, and in a letter by him thereafter it was directed that the deed should be made to Mrs. Stack, and stated that anything done by her would be satisfactory to him. The deed was executed accordingly, and Mrs. Stack went into possession of the premises. This was sufficient to show a valid contract for the purchase of the lands on the part of the defendants as against the statute of frauds.

A motion for a non-suit was denied. The defendants offered no proof, and the court took the case from the jury and entered a judgment against them for $1,500. It is contended that this was error and that the matter should have been submitted to the jury to determine the amount; but as the case stood there was no conflict in the proofs, and it was not error, under the circumstances, for the court to render a judgment for said sum.

Affirmed.

Hoyt, C. J., and Anders, Gordon and Dunbar, JJ., concur.