## JOSEPH T. ANTHONY *et al.*

### *v.*

## JOHN C. WHEELER.

*Filed at Ottawa October 31, 1889.*

1. RECORDING LAW—*from what time a deed takes effect—as to subsequent purchaser.* Under the statute, all deeds and other instruments affecting the title to land are made valid and operative only from and after the time they are recorded in the proper office, and they will take effect only from such recording, as to subsequent purchasers without notice.

2. SAME—*prior unrecorded deed—notice to subsequent purchasers.* Actual notice is not essential to give effect to a prior unrecorded conveyance. Any fact or circumstance coming to the knowledge of the subsequent purchaser which would put a prudent man on inquiry, and which, if pursued, would lead to actual notice of an unrecorded deed lying in the apparent chain of his title, is sufficient to invalidate the subsequent purchase.

3. In such case, notice is imputed to the subsequent purchaser, on account of his negligence in failing to prosecute his inquiries in the direction indicated. Enough must be shown to impute to him bad faith, so as to taint his purchase with fraud. Mere want of caution, as distinguished from fraudulent and willful blindness, is not sufficient to charge a subsequent purchaser with constructive notice of an unrecorded deed.

4. SAME—*as to unrecorded administrator's deed—notice.* Administrators' deeds are within the statute for the recording of deeds, etc. But the record of a decree of the county court authorizing a sale of lands to pay debts is not constructive notice of the making of an administrator's deed, even though such decree may be in the court of the same county in which the land lies.

5. An unrecorded administrator's deed, in the absence of actual notice of it, or the proceeding under which it was obtained, is not such constructive notice as will invalidate the title of a subsequent *bona fide* purchaser.

6. SAME—*subsequent purchaser—bona fides—presumption.* Where a party takes a conveyance for land, it will be presumed that he is a *bona fide* purchaser, and the burden of proof to show bad faith or want of consideration lies upon those attacking such deed.

7. PRACTICE—*directing what the verdict shall be.* Under our practice, the trial court may properly instruct the jury to find for the defendant,

when the plaintiff wholly fails to make proof of any material part of his case. The court may also allow a similar instruction in behalf of the plaintiff. Such an instruction is not proper if there is any competent evidence tending to support a different verdict.

APPEAL from the Superior Court of Cook county; the Hon. JOHN P. ALTGELD, Judge, presiding.

Messrs. SAWIN & VANDERPLOEG, and Mr. F. P. SIMONS, for the appellants:

Upon the death of an ancestor, the real estate he may leave undevised descends at once and vests in the heir, subject to the lien of his ancestor's debts, if personal property is insufficient to pay them; and such a title is deemed worthier in law than a title by devise. *Smith* v. *McConnell,* 17 Ill. 135; *McCoy* v. *Morrow,* 18 id. 519; *Bishop* v. *O'Conner,* 69 id. 431; *Kennedy* v. *Northup,* 15 id. 148.

*Caveat emptor* applies strictly and with full force to administrators' sales. *Donlin* v. *Hettinger,* 57 Ill. 348; *Fell* v. *Young,* 63 id. 106; *Walden* v. *Gridley,* 36 id. 532; *Bishop* v. *O'Conner,* 69 id. 431.

An administrator's proceeding to sell is void as against those who are not made parties, and over whose persons the court has no jurisdiction. *Detrick* v. *Migatt,* 19 Ill. 146; *McConnel* v. *Smith,* 23 id. 611; *Morris* v. *Hogle,* 37 id. 150; *McConnel* v. *Smith,* 39 id. 279; *Huls* v. *Buntin,* 47 id. 396; *Botsford* v. *O'Conner,* 57 id. 72; *Long* v. *Thompson,* 60 id. 27; *Smith* v. *Laatsch,* 114 id. 271; *Michel* v. *Hicks,* 19 Kan. 578.

That the heir was a necessary party, see *Stone* v. *Wood,* 16 Ill. 177; *McConnel* v. *Smith,* 23 id. 611; *Hopkins* v. *McCann,* 19 id. 113.

But appellee's title under this chain is void as against the appellants, because his deed was not recorded until July 1, 1885, while that of Caroline M. Robertson was recorded June 13, 1885. *Kennedy* v. *Northup,* 15 Ill. 148; *Brown* v. *Coal Oil Co.* 97 id. 214.

Possession under an unrecorded deed, to be notice to subsequent purchasers, must be open, visible and exclusive at the time of such purchase, and must be of such a character as to apprise the community that the occupant under the unrecorded deed has appropriated the property to his exclusive use. *Clark* v. *Morris,* 22 Ill. 434; *Truesdale* v. *Ford,* 37 id. 210; *Smith* v. *Heirs,* 76 id. 254; *Harris* v. *McIntyre,* 118 id. 275; *McMechan* v. *Griffing,* 3 Pick. 150.

Mr. WILLIAM J. AMMEN, and Mr. GEORGE F. HARDING, for the appellee:

As to what is constructive notice to a purchaser, of a prior unrecorded deed, see 7 Wait's Actions and Defenses, 365; 3 Washburn on Real Prop. (5th ed.) 343-349; *Stokes* v. *Riley,* 121 Ill. 166; *Chicago* v. *Witt,* 75 id. 211; Wade on Notice, 27.

The court properly instructed the jury to find for the plaintiff. *Simmons* v. *Railroad Co.* 110 Ill. 340; *Phillips* v. *Dickerson,* 85 id. 11; *Railroad Co.* v. *O'Connor,* 115 id. 254; *Bartlett* v. *Bank,* 119 id. 259.

The power of an administrator to sell land to pay debts is frequently called a lien, which may be enforced against purchasers from the heir. *McCoy* v. *Morrow,* 18 Ill. 519; *Vansyckle* v. *Richardson,* 13 id. 171.

A party having sufficient notice to put him on inquiry, will be charged, under the law, with constructive notice of all to which such inquiry would lead. *Bank* v. *Dayton,* 116 Ill. 257; *Harper* v. *Ely,* 56 id. 179; *Babcock* v. *Lisk,* 57 id. 327; *Bent* v. *Coleman,* 89 id. 364; *Doyle* v. *Teas,* 4 Scam. 202; *Erickson* v. *Rafferty,* 79 id. 209; *Railroad Co.* v. *Kennedy,* 70 id. 350; *Rupert* v. *Mark,* 15 id. 541; *McConnel* v. *Reed,* 4 Scam. 123; *Merrick* v. *Wallace,* 19 Ill. 486; *Morrison* v. *Kelly,* 22 id. 610; *Morris* v. *Hogle,* 37 id. 150; *Hatch* v. *Bigelow,* 39 id. 546; *Grundies* v. *Reid,* 107 id. 304; *Crawford* v. *Railroad Co.* 112 id. 314; *Dean* v. *Long,* 122 id. 447; *Stokes* v. *Riley,* 121 id. 166; *McLaurie* v. *Thomas,* 39 id. 291; *Stone* v. *Smoot,* id. 409;

*Heaton* v. *Prather*, 84 id. 330; *Hankinson* v. *Barbour*, 29 id. 80; *Slattery* v. *Rafferty*, 93 id. 277; 2 Sugden on Vendors, chap. 17, pp. 335, 336.

Administrators' deeds are embraced in the statute relating to the recording of deeds. *Choteau* v. *Jones*, 11 Ill. 324.

The decree of the county court for the sale of the land by the administrator is notice *lis pendens*. Bennett on Lis Pendens, 124, 192, 251, 252.

A purchaser must look to every part of the title which is essential to its validity. *Brush* v. *Ware*, 15 Pet. 93.

When a purchaser can not make out his title but through a deed which leads to a fact, he will be affected with notice of that fact. *Martins* v. *Joliff*, Amb. 311; 1 Story's Eq. Jur. sec. 399.

The law requires reasonable diligence in a purchaser to ascertain any defect of title. The rights of innocent persons ought not to be prejudiced through his negligence. *Jackson* v. *Livingston*, 10 Johns. 574; *Willis* v. *Bucher*, 2 Binn. 455.

Every man shall be presumed to have notice of a decree whereby his own title is affected. Fonblanque's Eq. book 3, chap. 3, sec. 1, and note; 1 Story's Eq. Jur. 406.

The recording acts apply only to such as have obtained a subsequent deed from the same person who executed the prior one. 1 U. S. Dig. Supp. 800, sec. 221; *Herbemont* v. *Bostick*, 2 Brev. 435; *Stokes* v. *Riley*, 121 Ill. 166.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

This is an action of ejectment, to recover parts of a city lot in Chicago. At the time suit was brought, appellants were in possession, claiming title under certain tax deeds and by virtue of a quitclaim deed from one Carrie Walker, and Samuel O. Walker, her husband, to appellant Caroline M. Robertson, dated June 9, 1885, and recorded on the 13th of the same month. Appellee, claiming to hold the paramount

title, brought this suit to the June term, 1886, of the Superior Court of Cook county.

On the trial, testimony was introduced° by both parties, which, on some of the questions involved, was conflicting. After the evidence was closed, the judge, against the objection of the defendants, instructed the jury to find for the plaintiff, and on verdict being returned, and motions for new trial and in arrest of judgment overruled, judgment was entered for the plaintiff for the premises claimed, and for costs. Defendants prayed this appeal.

Numerous errors are assigned on the record. The fourth presents the principal question in the case, viz: "The court erred in instructing the jury to find a verdict for the plaintiff."

Although the practice of thus taking a case from the jury has been often questioned in this court, it is now so firmly established as to no longer require the citation of authorities in its support. The question has generally arisen on instructions to find for the defendant, in cases where it was thought the plaintiff had wholly failed to make proof of some material part of his case; but the practice extends to and allows a similar instruction on behalf of the plaintiff, as expressly decided in the late case of *Heinsen* v. *Lamb*, 117 Ill. 549,—a case similar to this. The important question in every case in which such an instruction is given is, was there competent evidence tending to support a different verdict from the one directed by the court,—the theory upon which the practice is approved being, that whether or not there is such evidence is a question of law, to be determined by the court.

It is said by counsel for appellee, that the ground upon which the instruction was given in this case was, that the plaintiff had shown, by undisputed proof, a fee simple title from the admitted common source, and *that the defendants were chargeable with constructive notice of the unrecorded deed under which he claims*, and that all other evidence admitted upon either side, was, in that view, incompetent or immaterial,

and we are convinced that upon no other theory of the case can even a plausible argument be adduced in its support.

By reference to the bill of exceptions, we find that Martin O. Walker, the common source of title, died May 24, 1874, seized in fee of the property in question. He left two sons, Samuel O. and Edward S., his only heirs. Plaintiff below, to establish his title, offered in evidence quitclaim deeds from these heirs to one Charles Fargo, dated September 20, 1875, and recorded two days thereafter, that from Edward S. being in consideration of $900, and the other of one dollar and other valuable consideration; also, a quitclaim deed, in consideration of one dollar, from said Fargo to Carrie Walker, who was the wife of Samuel O. Walker, dated March 23, 1877, recorded November 2, 1878; also, a quitclaim deed, in consideration of one dollar, from said Carrie Walker, and Samuel O. Walker, her husband, to George F. Harding, dated July 20, 1887; also, a warranty deed from said Harding and wife, to appellee, in consideration of $500, dated May 7, 1883. *Neither of these last two deeds was recorded until July 1, 1885.* He also offered in evidence the record of a proceeding in the county court of Cook county, showing that in March, 1876, Augustus L. Chetlain, administrator of Martin O. Walker, deceased, filed his petition, praying an order of said court to sell this and other real estate belonging to said deceased, to pay debts; also, a deed of August 30, 1878, and report of said administrator, showing a sale of the property in question to one George R. Grant on the 15th day of October, 1878, for $100, which report was approved October 19, 1878. He also introduced in evidence an administrator's deed from said Chetlain, administrator, to said Grant, dated October 15, 1878, and recorded *July 1, 1885,* and a quitclaim deed from said Grant to George F. Harding, dated February 25, 1883, in consideration of one dollar, *recorded July 1, 1885.* Defendants below introduced the above mentioned deed from Carrie Walker and her husband to Caroline M. Robertson, and also two tax deeds,—one dated

March 23, 1877, recorded the 26th of that month, and another dated March 31, 1881, recorded April 5, 1881,—and from these, through *mesne* conveyances, the said Caroline M. Robertson, on December 17, 1884, received a deed from appellants Jennie B. Bryan and husband, which was recorded December 19, 1884. In our view of the case it is not necessary to inquire into the validity of appellants' title through these tax deeds.

It will be seen from the foregoing statement, that when Caroline M. Robertson received her deed from Carrie Walker, June 9, 1885, and placed it on record June 13, 1885, there was no deed of record by which her title could be questioned. All the deeds through which appellee claims, both under the administrator's sale and the deed from this same Carrie Walker, remained unrecorded until July 1, 1885. We shall also, for the purposes of this opinion, treat the proceeding of the administrator, in the county court, to sell land to pay debts, as in all respects valid. Therefore, from that source, appellee established, by undisputed proof, a claim of title which would have vested the fee in him, as against appellants, had his deeds been recorded before the deed from Carrie Walker to Caroline M. Robertson. The question then is, are the facts proved so conclusive of notice to appellants of the unrecorded deeds of appellee, as to justify the court in withdrawing that question from the jury?

It is not claimed that there was actual notice of any of these unrecorded deeds. Our statute requires all deeds or other instruments relating to or affecting the title to real estate, to be recorded, and expressly provides that they shall take effect *only* from and after such recording, as to all subsequent purchasers without notice. When we say that notice of a prior deed shall have the same effect as recording, we but repeat the language of the statute. The question, however, still remains, who is a "subsequent purchaser without notice," within the meaning of the law?

It is well settled that actual notice is not essential to give effect to a prior unrecorded conveyance. The difficulty in such cases usually arises from the necessity of determining what shall be held sufficient constructive notice, and that is what we are called upon to do here. It is stated by the authorities generally, that any fact or circumstance coming to the knowledge of the subsequent purchaser, which would put a prudent man on inquiry, and which, pursued, would lead to actual notice of an unrecorded deed lying in the apparent chain of his title, is sufficient to invalidate the subsequent purchase. In such case, notice is imputed to the subsequent purchaser, on account of his negligence in not prosecuting his inquiries in the direction indicated. (Wade on Notice, sec. 246.) Enough must be shown to impute to the subsequent purchaser bad faith, so as to taint his purchase with fraud, in law. (*Doyle et al.* v. *Teas et al.* 4 Scam. 202.) Mere want of caution, as distinguished from fraudulent and willful blindness, is not sufficient to charge a subsequent purchaser with constructive notice of an unrecorded deed. *Grundies* v. *Reid et al.* 107 Ill. 304.

Here, the appellee insists that appellants had constructive notice of the unrecorded administrator's deed, within the rule above stated. The position sought to be maintained is, that the proceedings in the county court were sufficient to put her on inquiry, which, properly pursued, would have led to knowledge of the administrator's deed. There is no proof whatever that she had actual knowledge of that proceeding. An attempt was made to show that such knowledge was brought home to her husband, who seems to be the real party in interest, through an abstract of the title; but this he denies, and we think the weight of the evidence is that he had no such actual notice,— at least it can not be claimed that there is not a fair conflict of evidence on that point, even as to him. In fact, the argument of counsel for appellee is not based on the theory of actual notice of that proceeding, but they maintain, that in-

asmuch as the proceeding was had in the county court of the county in which the land is located, appellants were bound to know what had been done in that court, and from that knowledge pursue the inquiry as to whether or not a deed had been made. The logical result of the position is, that the Registry law of this State has no application to administrators' deeds, when the proceeding under which the sale is made is had in the county where the land is located.

In *Choteau* v. *Jones et al.* 11 Ill. 300,—cited by counsel for appellee as sustaining their position,—one of the questions raised was, whether or not an unrecorded administrator's deed, made in pursuance of a decree rendered in a county other than that in which the land was situated, was constructive notice to subsequent purchasers. TREAT, C. J., rendering the opinion of the court, after quoting the Recording act of the 18th of January, 1853, says: "Administrators' deeds would seem to be clearly within the letter of this statute. They are clearly within the reason and spirit of its provisions." It is true, he says: "In the county where the order of sale is made, there would not seem to be the same necessity for the deed to be registered, and the record of the proceedings might perhaps then be held to be notice to a purchaser. Upon this point, however, we must be understood as expressing no opinion." Here, it is expressly decided that administrators' deeds are within both the letter and spirit of the Recording act. The position contended for by appellee is not only not decided, but an express declination on the part of the court to decide it.

In *Bourland* v. *County of Peoria et al.* 16 Ill. 538, the question arose as to whether or not the record of the county commissioners' court, showing a sale of real estate, should be held constructive notice of such sale, as to subsequent purchasers. It was there insisted, that the commissioners being required by law to keep, and having made and kept, a record showing the sale, it was notice of what it contained, in relation to the title of the county, to all subsequent purchasers. It was held

that the position was not tenable, SCATES, J., saying: "The recording acts, for the purposes of information and constructive notice, have not altered or abolished the rules of equity in relation to actual and constructive notice, by other means than the Recording act. (2 Scam. 501; 4 id. 117.) But while all this is true, it is also true that the legislature, and not the court, must add and declare the existence and effect of other records as constructive notice of title and incumbrance. Such effect is given to judgments by declaring a lien upon the lands in the county, without declaring the existence of such judgments to be constructive notice. But it must have such effect as notice in order to give it effect as a lien, and we must consequently so treat and hold it. Such, too, is the effect of the levy of an attachment when followed by a judgment. So, too, I presume, would be the levy of a *fieri facias* from another county when levied before the statute which required the filing of such levy with the circuit clerk and the recorder, and declared its effect as notice to be from such filing. These orders of the county court (and, we may admit, this sale-book,) were records; but still, every matter of record is not *constructive* notice of the subject matter of it to all strangers. No such effect has been given to these records by the recording or other laws of the State, nor can such effect be claimed for them by reason of their affecting the land, like judgments and such *mesne* and final process referred to. In tracing title to or through the county, as through or from any other vendors, we should go to the recorder's books, and to the judicial records and levies, where evidences of conveyances, contracts, incumbrances and liens are kept and to be found." This language and reasoning are equally applicable to a proceeding in the county court by an administrator for a decree to sell land to pay debts.

*Stokes et al.* v. *Riley et al.* 121 Ill. 166, does not militate against this position. There was actual notice of the judgment. Besides, the statute made the judgment in that case

a lien, and the subsequent purchaser was bound to take notice, as is held in *Bourland* v. *County of Peoria et al., supra.*

An unrecorded administrator's deed, in the absence of actual notice of it, or the proceeding under which it was obtained, is not such constructive notice as will invalidate the title of a subsequent *bona fide* purchaser.

The contention that appellant is not, within the meaning of the law, a *bona fide* purchaser, is without force. We find no evidence in the record on which to base it. The only fact suggested is inadequacy of consideration named in her deed. When we consider that the deeds through which appellee claims are all upon mere nominal considerations, it can scarcely be presumed that this property was of such great value in the market as to make the consideration named in appellants' deed evidence of bad faith on her part. The presumption is that she is a *bona fide* purchaser, and the burden of proof to show bad faith or want of consideration is upon appellee. (*Ryder* v. *Rush*, 102 Ill. 338.) That, at least, was a question for the jury.

The fourth assignment of error is well made, and the judgment below must be reversed.          *Judgment reversed.*

Mr. JUSTICE CRAIG: I do not concur in that portion of the opinion holding that the proceedings in the county court to sell the lands to pay debts were not notice. In a proceeding to sell lands to pay debts in the county court, in the county where the lands are located, the proceedings ought to have the same force and effect, so far as notice is concerned, as a judgment or decree rendered in the circuit court. Purchasers are bound to take notice of judgments and decrees in the circuit court in the county where lands purchased are located, and I see no reason why a purchaser should not be bound to take notice of a decree in the county court, rendered in a proceeding to sell lands to pay debts.