# GEORGE E. BOARDMAN *v.* FIREMAN'S FUND INSUR-
# ANCE COMPANY.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED NOVEMBER 14, 1901.     DECIDED FEBRUARY 7, 1902.

GALBRAITH AND PERRY, JJ., AND C. BROWN, ESQ., OF THE BAR,
IN PLACE OF FREAR, C.J., DISQUALIFIED.

A fire insurance policy, issued "in consideration of the stipulations" therein named and of the payment of the premium, provided, among other things, that "if fire occur, the insured shall give immediate notice of any loss thereby in writing to the company * * * and, within sixty days after the fire, unless such time is extended in writing by this company, render a statement to this company, signed and sworn to," etc., (such statement being what is commonly known as "proofs of loss") and further provided that "no suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire."

Held, that the rendering of the statement in question *within sixty days* after the fire, is a condition precedent to the right of action and that, in the absence of a waiver, a failure to render such statement within the time specified bars a recovery under the policy.

B., a clerk in the employ of the local agent of the insurance company, made to the plaintiff, when the latter gave notice of claim for the amount of the insurance, oral statements to the effect that the company would not pay the amount of the loss. The policy provided that no agent of the company, except an officer thereof, should have power to waive or be held to have waived any of its provisions, unless such waiver be in writing upon or attached to

the policy and that no act or statement of any officer or agent should operate as an estoppel on the company unless in writing endorsed upon the policy.

Held, that the oral statements of B. did not constitute or operate as a waiver of the requirement as to the filing of proofs of loss.

OPINION OF THE COURT BY PERRY, J.

(Galbraith, J., dissenting.)

This is an action on a policy of insurance for $7000 issued by the defendant on the dwelling-house and outbuildings of the plaintiff on the premises bounded by Lunalilo, Kapiolani and Kinau streets, this city. The property insured was wholly destroyed by fire on the 21st of January, 1900, by order of the Board of Health after condemnation by that body as being infected with bubonic plague. The case was tried before a jury and a verdict rendered for the plaintiff for $7000. The defendant comes to this Court with a number of exceptions, not all of which, however, need be considered.

The defendant excepted to the admission, against objection, of certain evidence offered by the plaintiff to prove oral statements made by one Berg, a clerk in the employ of Bishop & Co., the defendant's local agents, to the plaintiff on an occasion when the latter with his attorney called at Bishop & Company's office to give notice of claim for the amount of the insurance. These statements were to the effect that the insurance company would not pay the insurance. Defendant also excepted to the refusal of the court to direct a verdict for the defendant on the ground, among others, that proofs of loss were not presented within the time required by the terms of the policy and that no sufficient excuse in law for a failure to present them within the time mentioned in the policy had been shown, and to the modification by the court of an instruction requested by the defendant on the subject of proofs of loss, by which modification it was left to the jury to determine whether or not there had been a waiver by the company of the requirements of the policy concerning the filing of such proofs.

The evidence shows beyond doubt that proofs of loss were not filed until March 29, 1900, more than sixty days after the fire. The requirement of the policy is that such proofs be filed within sixty days after the fire. The only excuse suggested for the failure to present the proofs within the sixty days is that during all of said period the plaintiff, by reason of the death of a member of his family and the loss of his property and for other causes, became ill and mentally incapacitated to such an extent that he was unable to attend to his ordinary business affairs. Assuming that these facts, if proven, would constitute a sufficient excuse in law, we are of the opinion that the evidence adduced was clearly insufficient to warrant the jury in finding that the plaintiff was thus incapacitated. It may be added that the undisputed testimony of one of plaintiff's witnesses shows that on March 16, five days before the expiration of the time limited, plaintiff handed the insurance policy to his attorney for collection and that on the same day the latter gave to Bishop & Co. notice of the loss.

It is contended by counsel for plaintiff that the failure to file proofs within the sixty days can not avail as a defense to this action for two reasons: (a) because it is not provided in the contract that the policy shall become void in case of such failure and the only penalty is that the right to bring an action on the policy is postponed until after such filing, whether before or after the expiration of the sixty days, and (b) because the insurer waived the requirements of the provision in question.

It has been held by some courts that if a policy of insurance provides that proofs of loss are to be furnished within a certain time after loss has occurred, but does not impose a forfeiture for failure to furnish them within the time prescribed and does impose a forfeiture for a failure to comply with other provisions of the contract, the insured may maintain an action, though he does not furnish proofs within the time designated, provided he does furnish them at some time prior to commencing the action upon the policy; (see, for example, 4 Joyce Ins. 3282 and *Steele v. Ins. Co.*, 93 Mich. 81) and that to prevent forfeitures, courts

are bound to construe such contracts as strongly against the insurer, and as favorably for the insured, as their terms will reasonably permit. *Vangindertailen v. Insurance Co.*, 82 Wis. 117. The weight of authority, however, is to the effect that such provisions with reference to the filing of notice or proofs of loss within a specified time, must, unless waived, be strictly complied with, not only as to the substance of such notice and proofs but also as to time, that their performance is a condition precedent to the right of action and that a failure to present such notice or proofs within the prescribed time, is, in the absence of waiver, a violation of the provision such as to bar a recovery on the policy. "The conditions in policies requiring notice of the loss to be given, and proofs of the amount to be furnished the insurers within certain prescribed periods, must be strictly complied with to enable the assured to recover. * * * The contract of insurance is a voluntary one, and the insurers have a right to designate the terms upon which they will be responsible for losses." *Riddlesberger v. Insurance Co.*, 7 Wall. 386, 390. See also 2 Wood on Insurance §437; *Owens v. Insurance Co.*, 57 Barb. 521; *Blossom v. Insurance Co.*, 64 N. Y. 162, 165; *Quinlan v. Insurance Co.*, 133 N. Y. 356, 362; *Bank v. Surety Co.*, 87 Fed. 118, 123, 124; *Knudsen v. Insurance Co.*, 75 Wis. 198, 202; *Gould v. Insurance Co.*, 90 Mich. 302, 305; dissenting opinion of Grant, J., in *Steele v. Insurance Co., supra; Scammon v. Insurance Co.*, 101 Ill. 621; May, Insurance, §465; Ostrander, Insurance, 2nd ed., §§338, 339, 340, 221, 222, 223; *Bowlin v. Insurance Co.*, 51 Minn. 239. Whether or not in any particular case the filing of proofs of loss within the time specified is a condition precedent to a right of action, depends upon the intention of the parties as disclosed by the language of the contract under consideration. In the contract in the case at bar it is provided: "If fire occur the insured shall give immediate notice of any loss * * * and, within sixty days after the fire * * * shall render a statement to this company, signed and sworn to by said insured," etc., (this statement being what is known as "proofs of

loss"); also, "no suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire." This language is clear and explicit. The filing of proofs of loss *within sixty days* is one of the requirements *full compliance* with which is necessary before an action can be maintained. A filing of such proofs after the expiration of sixty days is not full compliance with the provision. Although there is some authority to support it (see *Steele v. Insurance Co., supra*), the distinction does not appeal to us as being sound which is sought to be drawn between cases where the words "until after" are used, as in that at bar, and those where the word "unless" is used in their stead. In each instance the meaning of the words "full compliance" is the same.

"Almost without exception the courts of this country and England have held that proofs of loss must be furnished as provided by the policy, or the insurer would be discharged. Among jurists and text writers who have been called upon to discuss this question during the more recent period of the evolution of the insurance contract, there has been a consensus of opinion in agreement with this proposition, until we reach the case of *Kenton Insurance Co. v. Downs* (13 S. W. 882, Ky.); and in justice to the Court of Appeals of Kentucky, who heard that case, it is proper that we should mention that, so far as the reports disclose, the policy in that suit did not make its conditions and requirements a part of the consideration, nor does it appear that there was any general clause making the liability of the company to pay a loss contingent upon the performance by the insured of all or any of the requirements concerning proofs."—Ostrander Ins. (2) §338.

"Where the consideration for the insurance is in part money and in part the promised performance of the conditions and requirements of the policy, the obligation of the insurer to pay the loss rests entirely upon the performance of such condition and requirements by the insured, and when notice or proofs of loss are required to be furnished within any particular time, as 10, 30 or 60 days, a failure to comply will be fatal. Unless waiver can be shown, a partial performance will not be sufficient.

The money part of the consideration having been paid does not create an obligation on the part of the insurer to pay a loss. It is stipulated that the insured must do certain other things which may be of equal or even greater importance than the payment of the premium. These requirements of the policy may refer to matters affecting the character of the hazard, or to things which the insured is to do subsequent to the loss."—*Ib.* §340.

"When it appears from the language employed that it is the intention of the parties that payment of a loss will depend on the performance of any particular thing by the insured, and when such stipulations and requirements are made a part of the consideration for the promise or engagement of the insurer, there can be no recovery under the policy, unless the insured shows such performance. The question of materiality cannot be raised. That which is required to be done has been made material by the agreement of the parties."—*Ib.*

The promise now sued upon was made as set forth in the policy "in consideration of the stipulations herein named and of one hundred and forty dollars premium." This fact, together with the above quoted provision as to no suit being sustainable until after *full compliance*, etc., bring the case at bar within the principles stated by Ostrander. The requirement as to the filing of proofs *within the time* stated, was made by the parties themselves a material one and a condition precedent to the right of recovery.

The courts which hold that, notwithstanding the time limit expressed in the policy, proofs of loss may be filed at any time before the commencement of the action, do not go to the extent of holding that the *filing* of such proofs is not an essential; they still recognize that such filing *is* a condition precedent to a right of action. It is merely the *time* which they hold to be immaterial. In the policy in the case at bar, the requirement as to filing within 60 days is accompanied by the qualification, "unless such time is extended in writing by this company." To our minds this language further indicates clearly that it was the intention and understanding of the parties that the time limit could be extended only by the party and in the manner stated, i. e., by the *company, in writing,* and not otherwise. To hold

that an action may be maintained if proofs are filed after 60 days but at any time before the commencement of the action, would be to extend the time against the will of the company and without writing,—something entirely contrary to the expressed agreement of the parties.   It would be making a new contract for the parties and this clearly the court can not do.

As to waiver.   The only evidence which is claimed to show a waiver is that of the oral statements by Berg to the effect that the insurance company would not pay the amount of the loss. It is not pretended that any communication in writing constituting a waiver, passed from the defendant or any of its agents to the plaintiff or that any officer of the defendant orally or otherwise waived the provision.   It is true that it has been held in many cases that a refusal to pay or denial of liability, within the time specified for the filing of proofs, is a waiver of the requirements of such proofs, but those evidently are cases in which the policies contained no limitations on the power of agents to orally waive any of its provisions,—at least, the question of the effect of such limitations does not seem to have been considered or referred to in those cases.   In the case at bar, however, the policy contains this provision: "This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements or conditions as may be endorsed hereon or added hereto, and no agent or other representative of this company, except an officer of this company, shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement endorsed hereon or added hereto, and as to such provisions and conditions no agent or other representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached.   No act, or statement of any officer, agent, or other representative,

nor act or statement made by any such officer, agent or representative, shall operate as an estoppel upon this company, or in anywise affect this insurance, or the validity of this policy, unless such act or statement shall be by this company in writing endorsed upon this policy." That such a stipulation may be entered into by the parties to a contract of insurance, is well settled. *Cleaver v. Insurance Co.*, 65 Mich. 527, 532; *Gould· v. Insurance Co., supra; Gladding v. Insurance Association*, 66 Cal. 6, 8; *Knudson v. Insurance Co.*, 75 Wis. 203; *Kyte v. Assurance Co.*, 144 Mass. 43, 46. The insured, as well as the insurer, is bound by the terms of the contract. He has express notice that the agent is without power to waive except in writing and should govern himself accordingly. See cases last cited; also *Hankins v. Insurance Co.*, 70 Wis. 5, 6; *Insurance Co. v. Coos County*, 151 U. S. 452, 462, 463. To hold that what Berg orally said to plaintiff, whether such statement is designated a denial of liability or whatever else, constituted a waiver or estoppel, would be to render the provision last quoted useless and nugatory and to make a new contract for the parties.

The only theory upon which the verdict of the jury can be explained is that they found that defendant waived the requirement in question. Such finding was without evidence to support it.

Under the practice established in this jurisdiction judgment *non obstante veredicto* may be ordered for the defendant as well as for the plaintiff and on the evidence as well as on the pleadings when the facts are undisputed. See *Estate of Kamaka*, 9 Haw. 245; *Choy Look See v. Royal Ins. Co.*, just decided by this court, *ante*, p. 5. The facts are undisputed in the case at bar so far as the questions of the filing of proofs of loss and of waiver are concerned. On the undisputed evidence on these points, a verdict should have been directed for the defendant.

The exceptions considered are sustained, the verdict set aside and the case remanded to the Circuit Court of the First Circuit

with directions to enter judgment for the defendant *non obstante veredicto.*

*Andrews, Peters & Andrade* for plaintiff.

*Hatch & Silliman* for defendant.

### DISSENTING OPINION OF GALBRAITH, J.

I do not agree with the conclusion of the majority of the court that the failure to furnish "proofs of loss" within sixty days after the fire was a bar to plaintiff's recovery on the policy. Conceding that this conclusion has the support of some text writers of more or less prominence and of some courts of respectable authority, I do not think that the circumstances connected with the loss in question or the ends of justice, call for a too literal interpretation of this contract of insurance.

The record shows that on the "suspicions" of two physicians the Board of Health declared the subject of the insurance to be infected with bubonic plague, dispossessed the plaintiff, and carted him away to another part of the city and confined him in strict quarantine for a period of fifteen days and while so confined burned his property to the ground; that for a considerable period after his release from quarantine the plaintiff was incapacitated from transacting business, so much so that his lawyer and friend refused to write his will for him; that fifty-five days after the fire the plaintiff gave "immediate" notice to defendant's agent of the loss and ten or twelve days later filed the "proofs of loss" required by the policy; that while one of the grounds on which the defendant resists payment is the failure to file the proofs within the 60 days specified in the policy, the principal ground relied on is one that is declared by the policy to render it void, i. e., a "change of possession" in the subject of insurance.

It seems to me that the acts of the plaintiff were a "full compliance" with this provision of the policy, although not a strict literal compliance.

It should not be overlooked in construing this contract that

it was prepared by the insurance company and its language and terms are those of the company and that those skilled in the business—persons who fully understand the use of the English language and are capable of expressing their meaning and intent in clear and unambiguous terms—are the authors of the contract.

The policy in suit sets out three kinds of things, any one of which happening, renders the policy absolutely void and then specifies fourteen other kinds of things any one of which if it happens and an express waiver in writing is not shown by a duly authorized person, renders the policy null and void. The failure to furnish "proofs of loss" within 60 days after fire is not included in any one of these classes. The language under consideration is as follows: "If fire occurs the insured shall give immediate notice of any loss  *  *  * and, within sixty days after the fire, unless such time is extended in writing by the company, shall render a statement to this company signed and sworn to by the insured stating the knowledge and belief of the insured as to the time and origin of the fire," etc. No penalty is mentioned for failure to give "immediate" notice of the loss and to furnish the proofs of loss within 60 days after the fire unless the clause at the end of the policy providing that "no suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire," can be said to be a penalty. It is at least doubtful whether or not this clause last quoted was so intended. I feel clear that the doubt ought to be resolved in favor of the insured. If it had been intended that a failure to furnish the "proofs of loss" within 60 days after the fire should work a forfeiture of the plaintiff's right to recover, it would have been so easy for the company to have added another to the fourteen kinds of things that rendered the policy void and to have left no doubt in the mind of any one as to the effect of a failure to render the proofs within the time specified. The conclusion of the majority gives

this provision the same effect as if the company had placed it among the things rendering the policy void unless waived. I insist that such a construction is unreasonable and unwarranted by the better authorities.

"If a policy of insurance provides that notice and proofs of loss are to be furnished within a certain time after loss has occurred, but does not impose a forfeiture for failure to furnish them within the time prescribed and does impose forfeiture for a failure to comply with other provisions of the contract, the insured may, it is held, maintain an action, though he does not furnish proofs within the time designated, provided he does furnish them at some time prior to commencing the action on the policy. And this has been held to be true even though the policy provides that no action can be maintained until after a full compliance with all the requirements thereof." 4 Joyce, Ins., Sec. 3282.

The Supreme Court of Michigan in construing the identical language under consideration said: "This latter provision clearly refers to such requirements in the policy as relate to the notice of loss, and its evident intent is to provide that no suit can be maintained unless commenced within one year, and in no event until after compliance with such requirements. The use of the words "until after" distinguishes this case from *Gould v. Ins. Co.*, 90 Mich. 302, and brings it within the rule laid down in *Tubbs v. Ins. Co.*, 84 Mich. 646. The effect of misstatement, of changed condition, and contingency, of omission and commission, of fraud and false swearing, is explicitly declared in each other paragraph in which the act, omission or contingency is referred to even the effect of false swearing in the proofs of loss is specifically declared; but the paragraph relating to proofs of loss suggests no penalty. This omission in an instrument replete with clear and explicit declarations of forfeiture is worthy of note. The presence of the declaration of forfeiture in every other instance, and its absence in this, is clearly not an oversight. Time is not made the essence of the provisions relating to proofs, and in the paragraph relied upon by the defendant the words "until after" import order or sequence rather than

·the intent to make performance within the time specified ·the essence of the requirement. The selection of this phraseology seems to me inconsistent with such a purpose. The language has reference to the thing to be done before suit brought rather than the time within which it is to be done." *Steele v. Ins. Co.*, 93 Mich. 83. The same doctrine is reaffirmed in *Reynolski v. Ins. Co.*, 96 Mich. 395. This same construction has been adopted in Wisconsin, *Vanquidertaelen v. The Phoenix Ins. Co.*, 82 Wis. 112, and in Minnesota by a decision rendered June 30, 1901. *Mason v. St. Paul Fire & Marine Ins. Co.*, 85 N. W. R. 13, and in Texas, *Sun Mutual Ins. Co. v. Mattingly*, 77 Tex. 162, and in Kentucky in *Orient Ins. Co. of Hartford, Conn. v. Clark*, 59 S. W. R. 863. In this Clark case the Supreme Court of Kentucky after stating that it had frequently decided that proofs of loss were not a condition precedent to recovery on an insurance policy said relative to the Downs case which is patronizingly criticised by a text writer quoted in the majority opinion: "This question was fully considered in *Ins. Co. v. Downs*, 90 Ky. 236 (13 S. W. 882). And it was there held that where a policy of fire insurance prescribed the various acts or causes which shall work a forfeiture of the policy, and omitted to provide that the failure to furnish proofs of loss within the time required by the policy should operate as a forfeiture, it was sufficient if proofs of loss were furnished before suit was brought; that the court would not imply a forfeiture on account of the failure to furnish proofs of loss within the time prescribed," p. 864. Four other cases from the same court are cited in support of this construction. See also to the same effect *Coventry Mutual Life Stock Ins. Co. v. Evans*, 102 Pa. St. 281, and *Kohnweisler v. Phoenix Ins. Co.*, 57 Fed. R. 562.

The case of *Liverpool & London & Globe Ins. Co. v. Kearney*, 180 U. S. 132, is a very instructive and interesting case on the proper construction of contracts of insurance. The conclusion of the majority of the court in this case finds no support or encouragement in that. The part of the policy under consideration in that case was that commonly known as the "iron

safe clause," wherein the insured "agreed and covenanted" to keep a set of books, etc., and the last inventory of his business in an iron safe at night, etc., and to produce the books and inventory in case of loss, and the clause provided further that "in the event of failure to produce the same, the policy shall be deemed null and void, and no suit or action at law shall be maintained thereon for any such loss." The loss occurred and the insured did not produce the "inventory" and the company denied liability under the above quoted clause of the policy. Suit was brought and maintained and judgment rendered for the plaintiff. This judgment was affirmed by the Circuit Court of Appeals for the Eighth Circuit and again by the United States Supreme Court. The Supreme Court said, "The argument in behalf of the defendant assumes that the insurance company is entitled to a literal interpretation of the words of the policy. But the rules established for the construction of written instruments apply to contracts of insurance equally with other contracts. * * * To the general rule there is an apparent exception in the case of contracts of insurance, namely, that where a policy of insurance is so framed as to leave room for two constructions, the words used should be interpreted most strongly against the insurer. This exception rests upon the ground that the company's attorneys, officers or agents prepared the policy and it is its language that must be interpreted." *National Bank v. Ins. Co.*, 95 U. S. 673, 678-9; *Monlor v. Amer. Life Ins. Co.*, 111 U. S. 335, 341; *Id.* pp. 135 and 136. And on page 138 of the opinion the court says in closing, "A literal interpretation of the contracts of insurance might sustain a contrary view, but the law does not require such an interpretation. In so holding the court does not make for the parties a contract which they did not make for themselves. It only interprets the contract so as to do no violence to the words used and yet to meet the ends of justice." This reasonable and authoritative rule of interpretation applied to the policy in suit would force the conclusion that the plaintiff had made "full

compliance" in so far as proofs of loss are concerned and was entitled to maintain his action.

Whatever the practice in this jurisdiction may be as to authority of the court to direct a verdict *non obstante*, I insist that this is not a proper case for the exercise of such autocratic power. It is not clear that such action does not deprive the plaintiff of an absolute right. He is at least entitled to the privilege of a new trial.