## CECIL BROWN *v.* KATE BRAYMER.

### EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED MARCH 3, 1905.          DECIDED MARCH 27, 1905.

FREAR, C.J., HARTWELL, J., AND CIRCUIT JUDGE DE BOLT IN PLACE OF WILDER, J.

EVIDENCE—*order of proof.*

> The order of proof rests largely in the discretion of the trial judge, not subject to review except in case of abuse, as, for instance, in admitting under certain circumstances oral evidence of the contents of a note before proof of its destruction.

PROMISSORY NOTE—*action at law on destroyed note without bond of indemnity.*

> An action at law may be maintained on a note accidentally

destroyed by fire while in the possession of the payee and unen-
dorsed, and no bond of indemnity need be given in such case.

VERDICT—*may be directed for plaintiff, when.*

    A verdict may be directed in favor of the plaintiff when he has
clearly proved his case and the defendant has offered no evidence
and made no attempt to contradict the plaintiff's evidence.

### OPINION OF THE COURT BY FREAR, C.J.

This is an action upon a note made by the defendant pay-
able to the plaintiff for $350 and interest. The plaintiff
proved not only the note, its non payment, etc., but also that
after its maturity and while still in his possession and unen-
dorsed it was accidentally destroyed by fire. At the close of
the plaintiff's case, the defendant offering no evidence, a ver-
dict was directed for the plaintiff. The defendant brings the
case here on a number of exceptions, which raise four points.

1. It is contended that the court erred in allowing evidence
as to the contents of the note before its loss or destruction was
proved. The plaintiff, however, offered this evidence for the
purpose of identifying the note in order to make possible or
facilitate subsequent proof of its destruction and undertook
to make proper connections at a subsequent stage of the trial.
The order of proof was a matter resting in the discretion of the
trial judge not subject to review by this court except in case
of abuse. There was clearly no such abuse in this case.

2 and 3. It is further contended that an action at law
cannot be maintained on a lost or destroyed instrument; also
that, if the law is otherwise on that point, such an action at
least cannot be maintained except upon giving the defendant a
bond of indemnity. In an action upon a note the defendant
is entitled to the production and surrender of the note, but such
production or surrender would be impossible in case the note
were lost, and yet the payee ought not to lose his rights be-
cause the note was lost, provided the defendant could be suffi-
ciently protected against being required to pay a second time
at the suit of a holder in good faith for value. Such protec-

tion could be given by a bond of indemnity, but a court of law could not require the plaintiff to give such a bond as a condition of maintaining his action but a court of equity could, and, accordingly, as a rule formerly suits upon lost notes were required to be brought in equity. This rule has been changed in many jurisdictions by statute and in other jurisdictions it is held in the absence of statutory authority that courts of law as well as of equity may require a bond of indemnity as a condition of the entry of judgment and issuance of execution, as for example, in Massachusetts. *Schmidt v. People's Nat. Bank,* 153 Mass. 550. Whether, in case indemnity should be required, it would be proper to order a nonsuit upon failure to give such indemnity, as the defendant asked the court to do in this case, or the bond should be required, if desired by the defendant, merely as a condition of entering judgment and issuing execution, we need not say. It is now well settled that a bond is not required at all except in cases in which the defendant might be in danger of being subjected to a second action, and except in such cases there can be no objection to an action at law. If the instrument sued on has been absolutely destroyed and not merely lost, it not only cannot come into the hands of a bona fide holder for value but there would not even me the danger of the expense or annoyance of an action being brought upon it by a holder not in good faith or for value, and there would therefore be no occasion for a bond of indemnity and nothing to prevent the maintenance of an action at law. In many cases a bond is not required even when the instrument is merely lost and not destroyed, as, for instances, when it is not negotiable, or when, if negotiable, it has not been negotiated, or when, if negotiated, it has been negotiated by special endorsement, or when a second action upon it would be barred by the statute of limitations, or when one-half of the instrument, which had been cut in two for safety in mailing, is produced and the other half has been lost, since one-half of an instrument is not negotiable, and some courts

hold that no bond is required when the instrument was lost after maturity, because an action thereon by a subsequent holder would be subject to the defense of payment. See *Moore v. Fall,* 42 Me. 450; *Swift v. Stevens,* 8 Conn. 431; *Rowley v. Ball,* 3 Cow. 303; *Adams v. Baker,* 16 R. I. 2; *Palmer v. Carpenter,* 53 Neb. 394; *Des Art v. Leggett,* 16 N. Y. 582; *Thayer v. King,* 15 Oh. 242; *Dean v. Speakman,* 7 Blackf. 317; *Bank of U. S. v. Sill,* 5 Conn. 106. In the present case the note was destroyed after maturity while still in the possession of the payee and without having been endorsed. It is clear that an action could be maintained upon it at law without the giving of a bond of indemnity.

4. It is contended lastly that proof of destruction should be clear and satisfactory, that the question of destruction was for the jury and that the court erred in directing a verdict for the plaintiff. The evidence of destruction was clear and satisfactory in this case and no attempt was made to overcome it. A case, of course, should not be taken from the jury when there is any substantial evidence which would support a finding adverse to the party requesting a directed verdict, or when, if the direction is for the plaintiff, his evidence is not clear and satisfactory, but that a verdict may be directed in a clear case is well settled. In the nature of things, while verdicts directed for defendants are not uncommon, it is rare that a verdict is directed for a plaintiff. There is no reason, however, why this should not be done in a proper case and that it may be done is recognized by the authorities. See *Anthony v. Wheeler,* 130 Ill. 128; *Underwood v. Stack,* 15 Wash. 497. There is no reason why this should not be done here as well as elsewhere. Indeed, the court has gone further here in this general direction than in most other jurisdictions, as, for instance, in ordering judgment non obstante not only for the defendant as well as for the plaintiff but on the evidence as well as on the pleadings when the facts were undisputed.

*Choy Look See v. Royal Ins. Co.*, 14 Haw. 14; *Boardman v. Fireman's Fund Ins. Co.*, 14 Haw. 28.

The exceptions are overruled.

Plaintiff in person; *W. A. Whiting* with him.

*G. A. Davis* for defendant.