## Samuel Rubenstein v. Charles A. LeSage.

### Gen. No. 4,845.

PEREMPTORY INSTRUCTION—*when should not be given.* A peremptory instruction should not be given where the evidence is conflicting or the credibility of the witnesses is questioned.

Assumpsit. Appeal from the Circuit Court of Lee county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the April term, 1907. Reversed and remanded. Opinion filed August 6, 1907.

H. A. BROOKS and C. C. BROOKS, for appellant.

JOHN E. ERWIN, for appellee.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

This is an action in assumpsit brought by LeSage, appellee, against Rubenstein, appellant, to recover for professional services rendered appellant's minor son. The boy had sustained an injury to an eye from a sliver or other instrument. The eye had become tender, inflamed and sensitive to light. A Dr. Powell first examined the eye. Later appellant took the boy to appellee, an eye specialist, who treated it at his office and at appellant's home a number of times, the treatment consisting of dropping into the eye carbolized water. The number of treatments was one of the questions in controversy. A misunderstanding arising between the doctor and the father, the latter asked for his bill. The doctor demanded $100. The father protested. The doctor replied that while his services were reasonably worth from $75 to $100 he would settle for $50. The father offered $15. The doctor declined the offer, and brought suit before a justice of the peace. The father tendered $15 and kept the tender good by bringing it into court. The doctor obtained a judgment for $15, the amount of the tender. The

doctor appealed to the Circuit Court of Lee county, and, on a trial before a jury, obtained a verdict for $15. This verdict was set aside, and on the second trial, at the conclusion of all the evidence, the court instructed the jury to find the issues joined for the plaintiff and assess his damages at $50. The jury returned a verdict as directed. A motion for a new trial was denied, judgment was entered on the verdict and this appeal was taken.

The only question for our consideration is, did the trial court err in directing a verdict for the plaintiff, and if so, is the error of sufficient gravity to justify a reversal of the judgment?

Counsel for appellee practically admits the court committed a technical error in directing the amount of the verdict, but urgently insists that substantial justice was done and that this court should not disturb that judgment. A verdict may be directed for a plaintiff, but the rule is that where the evidence is conflicting or the credibility of the witnesses questioned, the case should be submitted to the jury. Ency. of Plead. & Prac., vol. 6, 684; Heinsen v. Lamb, 117 Ill. 549; Anthony v. Wheeler, 130 Ill. 128. The test of the validity of this judgment, then, is, does the evidence in the record conflict or is the credibility of the witnesses questioned? If both or either arises, then the judgment should be reversed. A careful consideration of all the evidence discloses that the only undisputed facts are that the boy's eye was injured and that appellee treated it at appellant's request. Appellee testified that he treated the boy a certain number of times at his office and at appellant's home. Appellant testified to a less number of treatments, and that he requested appellee to discontinue his visits, urging that there was no further need of his services. This appellee denied. Their evidence was at variance on all the material facts of the case except those above stated as admitted. This state of the proof creates a conflict in the evidence and raises the question of the

credibility of the witnesses, and in our opinion clearly takes the case out of the rule supported by Ency. of Plead. & Prac., Heinsen v. Lamb, and Anthony v. Wheeler, *supra*. All the facts and circumstances in evidence should have been submitted to the jury. They should have been permitted to consider the kind and degree of the injury treated, the services rendered in treating the injury, the time necessarily used by appellee, the skill required and used, the opinions of the witnesses as to the reasonable value of the services, applying thereto their own knowledge and experience of the matter in consideration. The court by directing a verdict reconciled the conflict in the evidence, determined the credibility of the witnesses, thereby invading the province of the jury and depriving appellant of a material right, the right to the judgment of the jury upon all the material facts. Moreover, the only evidence of the value of appellee's services left in the record after the improper exclusion therefrom of the testimony of Dr. Robbins, a witness called by appellant, who testified that the price usually charged for such treatments was $2 each, was that of appellee, who testified that the services were reasonably worth from $75 to $100. This was not evidence of a fact, but a mere matter of opinion, not binding on the court or jury, as demonstrated by the court, who in directing the verdict disregarded it and arbitrarily fixed the value of appellee's services at $50.

For the error indicated, in directing the verdict, the judgment is reversed and the cause remanded.

*Reversed and remanded.*