## PETER HOLIONA, DANIEL DAMIEN, ABLE LANGSI, HANAKAHI KAOPUA, LOUIS HOKUANA, WILLIE HOKUANA, JULIA POLIKAPU, DAVID HOKUANA AND JOHN HOKUANA v. KAMAI, ALSO KNOWN AS AND CALLED KAMAI KILA, KILA AND AH FAT.

### No. 1123.

EXCEPTIONS FROM CIRCUIT COURT, SECOND CIRCUIT. HON. L. L. BURR, JUDGE.

ARGUED DECEMBER 10, 1918.                    DECIDED JANUARY 30, 1919.

COKE, C. J., KEMP, J., AND CIRCUIT JUDGE HEEN IN PLACE OF EDINGS, J., DISQUALIFIED.

JUDGMENT—*power to set aside after term.*

The rule that a court cannot set aside or alter a final judgment after the expiration of the term at which it was entered is modified by statute (Sec. 2442 R. L. 1915) to the extent that it may set aside its judgment provided a motion for a new trial is filed within ten days without regard to whether that period ends before or after the expiration of the term.

APPEAL AND ERROR — *writ of error — exception — rule where both are attempted.*

Where a writ of error which sought a review of certain rulings was dismissed in this court without being considered on its merits a review of the same rulings may be had by exceptions subsequently perfected.

SAME—*nunc pro tunc order.*

Notwithstanding an order is made *nunc pro tunc* the time within which a bill of exceptions may be presented to the judge for allowance runs from the date the order was actually made.

TRIAL—*prima facie showing.*

Where plaintiffs made out a *prima facie* case and the defendants offered no evidence and made no effort to controvert the evidence of the plaintiffs the verdict should be for plaintiffs.

OPINION OF THE COURT BY KEMP, J.

This is an action to quiet title to certain real estate in which plaintiffs claimed an undivided one-half interest. To the complaint filed by plaintiffs the defendants Kamai and Kila filed an answer of general denial and the defendant Ah Fat answered that he is in possession of a portion of the premises in question under a lease from William Hopeau, the owner of said premises when said lease was made.

Trial was had at the October, 1917, term before a jury and resulted in a verdict and judgment in favor of the defendants. The verdict was returned October 31, 1917, and judgment was entered November 7, 1917. On November 10, 1917, plaintiff filed a motion for new trial on the grounds (1) that the verdict was contrary to law and (2) that the verdict was contrary to the evidence and weight of evidence produced at the trial. Other grounds were assigned which have been abandoned. The October 1917 term of the court adjourned without day November 8, 1917, two days prior to the filing of the motion for new trial. The motion for new trial was orally overruled on the 16th day of April, 1918, to which the plaintiff excepted and on June 5, 1918, a written decision and order overruling the motion for new trial was filed as of April 16, 1918, and a written exception thereto filed on June 15, 1918. The bill of exceptions was also filed June 15, 1918, and the defendant suggests that the exception should not be considered on the merits for the reason (1) that more than ten days elapsed between the overruling of the motion and the filing of the bill of exceptions, (2) that the ruling excepted to has been before the court on writ of error and (3) that the motion for new trial was filed after the expiration of the term at which the cause was tried and judgment rendered.

We will consider these questions in inverse order.

In the absence of a statute providing otherwise the gen-

eral rule is that a court cannot set aside or alter a final judgment after the expiration of the term at which it was entered, unless the proceeding for that purpose was begun during the term. *United States* v. *Mayer,* 235 U. S. 55, 67. There are certain exceptions to this general rule not necessary to consider in connection with this case. Our statutory section (2442 R. L. 1915) is in part as follows: "The filing, within ten days, after verdict, judgment or decision, of a motion for a new trial and a bond conditioned for the payment of all costs of the motion in case it is not sustained and that the moving party will not to the detriment of the opposite party remove or otherwise dispose of any property he may have liable to execution, shall operate as a stay of execution until the motion is decided."

By this statute we think the inability of the court to set aside its judgments, except where proceedings for that purpose were begun during the term, was removed to the extent that it may now set aside its judgments provided a motion for new trial is filed and the requirements as to bond are complied with within ten days after the verdict, judgment or decision complained of without regard to whether the ten days allowed expires before or after the expiration of the term.

The second ground assigned as to why the exception should not be considered is not well taken for the reason that the writ of error which sought to review the ruling complained of in this exception was dismissed in this court without being considered on its merits. The ruling has not been reviewed by this court and the fact that the ruling now complained of constituted a ground for the writ of error which was dismissed affords no reason for not reviewing the ruling on exception.

The first ground assigned as to why the exception should not be considered is likewise overruled.

An appeal filed prior to the filing of the decree appealed

from is premature although an oral order of like purport had been made prior thereto. *Sumner* v. *Gear,* 20 Haw. 219. The same would be true of a bill of exceptions presented for allowance prior to the entry of the judgment or order to which the exceptions related. If the bill of exceptions could not be presented to the judge for allowance until the order complained of was actually entered it would manifestly be unjust to hold that the *nunc pro tunc* order had the effect of fixing the date from which to calculate the time in which it should be presented. This same subject was before the supreme court of the United States in *Rubber Co.* v. *Goodyear,* 6 Wall. 156. In that case the decree was made on December 5, 1866, but was entered as of November 28, 1866, but, said the court, "this circumstance did not affect the rights of parties in respect to appeal. Those rights are determined by the date of the actual entry or of the signing and filing of the final decree."

The final question in the case is whether the motion for a new trial should have been granted on the ground that the verdict of the jury is contrary to the evidence. It is claimed by the plaintiffs that the property in question, which is situated at Hamakuapoko, Island of Maui, was formerly owned by one Hopeau; that Hopeau died in the year 1913 and left surviving him as his heirs at law the plaintiffs herein, who are his brothers and the children of deceased brothers, and the defendant Kamai, his widow. The defendant Ah Fat is the lessee of the premises holding under a lease executed by Hopeau prior to his death and his rights are recognized by all the parties concerned.

The only controversy in the trial of the cause in the court below was as to whether the plaintiffs are heirs of Hopeau, deceased. If so they would of course inherit one-half of his property and the widow would inherit the other half. The evidence introduced on the part of the plaintiffs

clearly established, at least to the extent of a *prima facie* showing, that the plaintiffs are the brothers and nephews and nieces of Hopeau and as such are entitled to one-half of the property of his estate. No evidence whatsoever was introduced on behalf of the defendants and it appears to us that as the case stood at the time it was submitted to the jury plaintiffs were entitled to a verdict in their favor. We think that plaintiffs might well have requested and received at the hands of the court a directed verdict in their favor, but the omission upon their part to move for a directed verdict did not impair their right to have a verdict favorable to them where the evidence clearly proved their case and defendants had offered no evidence and made no attempt to controvert the evidence of the plaintiffs. See *Brown* v. *Braymer,* 16 Haw. 548.

The verdict of the jury was contrary to the evidence and the exception to the order overruling the motion for a new trial is sustained.

*Enos Vincent* (*D. H. Case* with him on the brief) for plaintiffs.

*E. R. Bevins* for defendants.