CHU CHUNG, DOING BUSINESS UNDER THE NAME OF SAM WO KEE, *v.* DAVID P. JELLINGS, ADMINISTRATOR OF THE ESTATE . OF WILLIAM KAUAHIPAULA, DECEASED.

No. 1859.

ARGUED DECEMBER 14, 1928.          DECIDED FEBRUARY 2, 1929.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PERRY, C. J.

An action of assumpsit was brought against the administrator of a deceased person for the sum of $315.70 and interest for goods, wares and merchandise sold and delivered by the plaintiff to the administrator's decedent. Trial was .had before a jury. Both parties having presented their evidence, the court, upon the motion of the plaintiff and against the objection of the defendant, instructed the jury to render a verdict in favor of the plaintiff for the amount claimed; and the jury did so. The defendant in the action thereupon sued out a writ of error to, review the proceedings below and in support of his application for the writ filed a bond in an attempted compliance with the statutory provisions in that respect. The defendant in error now moves to dismiss the writ on the ground that "the bond required by section 2529, R. L. 1925, in favor of the plaintiff-defendant in error herein, for the payment of the judgment in the origi-

nal cause in case of failure to sustain the writ of error was not filed prior to the issuance of the writ of error herein and that the said writ of error was issued without authority of law and contrary to the provisions of said section 2529" and on the further ground that "the application for the writ of error herein fails to show that the judgment upon which error is predicated has not been fully satisfied." By the same motion the defendant in error moves that, if the alleged defects in the record be deemed amendable, the judgment of the trial court be affirmed "upon the ground that the questions of law involved herein are such as not to need further argument."

The second ground of the motion to dismiss, that is to say, that "the application herein fails to show that the judgment upon which error is predicated has not been fully satisfied," was expressly abandoned at the argument. The bond filed is in the sum of $600, is upon its face payable to the clerk of this court and is upon the condition that "if the said principal shall pay all costs further to accrue in the event that he is defeated in the supreme court of the Territory of Hawaii, or until the termination of the cause there, and not remove or dispose of his property subject to execution" then the obligation shall be void. One objection advanced is that the bond does not run in favor of the plaintiff and another is that it is not conditioned for the payment of the judgment in the original cause. In view of our conclusion on another branch of the case, it is unnecessary to pass upon the sufficiency of the bond.

The action was upon a running account for groceries and other goods sold and delivered by the plaintiff to the administrator's decedent. Testimony was adduced on behalf of the plaintiff which was directly and clearly to the effect that the goods mentioned in the bill of particulars introduced in evidence were sold and delivered

on the dates mentioned and for the amounts stated. No evidence whatever was introduced by the defendant denying the correctness of the plaintiff's claim in whole or in part or which could possibly tend to throw any doubt upon the truth of the testimony adduced on behalf of the plaintiff. If a verdict had been rendered by the jury in favor of the defendant it would have been clearly contrary to the evidence adduced and would not have found support in any of the evidence. There was no evidence which could in law support such a verdict. Under these circumstances it was correct for the presiding judge to grant the plaintiff's motion for the direction to the jury to bring in a verdict for the plaintiff and the verdict rendered in accordance with the instruction cannot be set aside.

In *Brown* v. *Braymer*, 16 Haw. 548, 551, 552, this court said: "It is contended lastly that proof of destruction should be clear and satisfactory, that the question of destruction was for the jury and that the court erred in directing a verdict for the plaintiff. The evidence of destruction was clear and satisfactory in this case and no attempt was made to overcome it. A case, of course, should not be taken from the jury when there is any substantial evidence which would support a finding adverse to the party requesting a directed verdict, or when, if the direction is for the plaintiff, his evidence is not clear and satisfactory, but that a verdict may be directed in a clear case is well settled. In the nature of things, while verdicts directed for defendants are not uncommon, it is rare that a verdict is directed for a plaintiff. There is no reason, however, why this should not be done in a proper case and that it may be done is recognized by the authorities. See *Anthony* v. *Wheeler*, 130 Ill. 128; *Underwood* v. *Stack*, 15 Wash. 497. There is no reason why this should not be done here as well as elsewhere.

Indeed, the court has gone further here in this general direction than in most other jurisdictions, as, for instance, in ordering judgment non obstante not only for the defendant as well as for the plaintiff but on the evidence as well as on the pleadings when the facts were undisputed. *Choy Look See* v. *Royal Ins. Co.*, 14 Haw. 14; *Boardman* v. *Fireman's Fund Ins. Co.* 14 Haw. 28."

In *Anthony* v. *Wheeler*, 130 Ill. 128, 132, a case cited in the opinion in *Brown* v. *Braymer, supra,* the court said: "The important question in every case in which such an instruction is given is, was there competent evidence tending to support a different verdict from the one directed by the court,—the theory upon which the practice is approved being, that whether or not there is such evidence is a question of law, to be determined by the court."

The further contention of the appellant that the court erred in admitting in evidence the plaintiff's book of accounts cannot be sustained. On behalf of the plaintiff it had been testified that he wrote in a book a memorandum of each sale immediately after the sale and that before each day was over he repeated the entries in a second book. Under these circumstances it may be that the second book referred to should be regarded as a book of original entry and for that reason properly admissible in evidence; but even if it cannot be so regarded, the second book was clearly admissible upon the proof, which was made, that the first book had been long since destroyed in conformity with a custom of the plaintiff of destroying such books at periodical intervals.

The action was originally commenced in the names of "Chu Chung, Chu Nong, Ah Tuck and Ah Chin, a copartnership, doing business under the firm name and style of Sam Wo Kee" as plaintiffs, and the demand made upon the administrator was likewise made in the name of the

same parties as claimants. At the commencement of the trial motion was made and granted for leave to amend the declaration by amending the title so as to read as follows: "Chu Chung, doing business under the name of Sam Wo Kee, plaintiff, vs. David P. Jellings, Administrator of the Estate of William Kauahipaula, deceased, defendant." In support of the motion an affidavit of Chu Chung was filed wherein he deposed that "about one year ago this affiant purchased all of the interest of his co-partners in and to the said co-partnership and the firm business and * * * that this affiant is now the sole owner of the said business and is conducting the same under the name and style of Sam Wo Kee." The allowance of this amendment is assigned as error. The assignment cannot be sustained. R. L. 1925, section 2360, relating to the amendment of pleadings and process, provides that the court may, in furtherance of justice, "at the trial or on appeal or at any other stage, before or after judgment, allow any petition or pleading or process or proceeding to be amended by adding or striking out the name of any party, or by correcting a mistake in the name of a party or a mistake in any other respect." The amendment authorized falls clearly within the authority conferred by the statute. Nor is it a tenable objection that the claim filed with the administrator named as claimants the same parties designated in the title as it originally stood in the declaration. Chu Chung was specifically named in the claim as one of the partners of Sam Wo Kee and as one of the claimants against the administrator. The claim was sufficient to include and protect all of his interest in the partnership, even though the fact was that he was at that time the sole owner.

All of the other assignments of error argued in the appellant's brief have been considered. No reason appears in them for reversal.

The judgment appealed from is affirmed.